## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO P. PEZZULO, | ) | |
| | ) | CASE NO. 2:11-CV- |
| Plaintiff, | ) | |
| | ) | J. |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BOROUGH OF NORTH BRADDOCK | ) | |
| And the BOROUGH OF NORTH | ) | |
| BRADDOCK POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT IN CIVIL ACTION

Filed by:

ERIK M. YURKOVICH, ESQ.
PA ID No. 83432

Erik M. Yurkovich, Esq.
Attorney At Law
Pine Creek Professional Buildings
207 Pine Creek Road
Building 1, Suite 201
Wexford PA 15090
T: 724-933-9199
F: 724-933-9766

Attorney for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELO P. PEZZULO, | ) | |
| | ) | CASE NO. 2:11-CV- |
| Plaintiff, | ) | |
| | ) | J. |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BOROUGH OF NORTH BRADDOCK | ) | |
| And the BOROUGH OF NORTH | ) | |
| BRADDOCK POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, by and through his counsel, Erik M. Yurkovich, Esq., and

files this Complaint in Civil Action based upon the following facts and law and provides notice

of the following.

### I.        JURISDICTION AND CLAIMS

1.      This case is brought pursuant to Federal Law in 42 U.S.C. § 1983 for a violation of the

   Fourteenth Amendment.

2.      This case is brought pursuant to administrative charges filed with the Equal Employment

   Opportunity Commission (E.E.O.C.).

3.      This case is brought pursuant to the Americans with Disabilities Act ("ADA").

4.      This case is also brought by the Plaintiff pursuant to the Age Discrimination in

   Employment Act ("ADEA") as set forth below.

### II. THE PARTIES

5.      The Plaintiff is Angelo P. Pezzulo (Pezzulo) who is a former police officer for the

        defendant and who resides at 3944 Monroeville Blvd., Apt. B-4, Monroeville, PA 15146.

**6.**    Defendants, The Borough of Braddock and the Borough of Braddock Police department

        are the former employers of the Plaintiff and are located at 600 Anderson Street, North

        Braddock Pennsylvania 15104.

## III. FACTS

7.      Angelo P. Pezzulo was a police officer with the Borough of North Braddock for twenty-

        four (24) years.

8.      Pezzulo served five (5) years as a patrolmen, five (5) years as a sergeant and fourteen (14)

        years as a lieutenant.

9.      Pezzulo is over fifty (50) years of age.

10.     He was a union member and a full-time officer.

11.     In 1991, Pezzulo began performing administrative duties due to a department need.

12.     In 2000, Pezzulo began to perform in a primarily administrative position with office

        duties including but not limited to, payroll, scheduling and handling personnel issues due

        to the needs of the department.

13.     Pezzulo performed well in this primarily administrative position.

## 1.  AGE AND DISABILITY DISCRIMINATION

14.     Pezzulo has suffered Gastric issues for years.

15.     Pezzulo fully informed his employer of his Gastric Hemorrhaging and Irritable Bowel

        Syndrome ("IBS").

16.     Pezzulo is disabled under the meaning of the ADA because these conditions substantially

        impair one or more major life activities including but not limited to eat, sleeping, walking

and caring for oneself.  These conditions are permanent.  They impair Pezzulo's appetite and cause extreme abdominal pain and weight fluctuations.

17.   For several years, Pezzulo requested reasonable accommodations in the form of maintaining his primarily administrative position.

18.   His request allowed him to occasionally work from home and to accommodate time off for medical treatment.

19.   Respondent granted his request and accommodated his disability for years by providing him with a strictly administrative position, unless an emergency would require his presence on a crime scene.

20.   Pezzulo performed well.

21.   Pezzulo took time off from February to May of 2010 with the understanding he would return to his previously held position and duties.

22.   Pezzulo was medically cleared with no restrictions to return to work in May of 2010, per a medical excuse dated April 30, 2010.  The excuse was served upon North Braddock per their request.

23.   Despite receiving the requested medical excuse, Defendants refused to reinstate Pezzulo to her former strictly administrative position; his accommodation.

24.   Pezzulo was replaced in those duties by the younger Acting Chief, Dean V. Bazzone.

25.   Respondent revoked an accommodation they provided Plaintiff for years without a compelling business reason to do so.

26.   Defendant offered Pezzulo a regular police officer position that required him to patrol the Borough.

27. Defendant offered Plaintiff shifts and duties it knew or should have known he could not perform because of his disability, such as night shift and a regular patrol, without any accommodation.

28. Defendant failed to engage in any meaningful interactive process in discussing alternative accommodations to keep Plaintiff employed.

29. On May 11, 2010, Respondent permanently removed Pezzulo from the schedule.

## 2. FOURTEENTH AMENDEMNT: PROCEDURAL DUE PROCESS

30. Respondent failed to provide Pezzulo with notice of the alleged violations against him and an opportunity to be heard pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

31. Defendant did not provide Plaintiff with procedural due process, pursuant to the Fourteenth Amendment.

32. Certain public-sector employees can have a property interest in their employment, per Constitutional right.

33.  Property right entails a right to "some kind of hearing" before being terminated -- a right to oral or written notice of charges against them, an explanation of the employer's evidence, and an opportunity to present their sides of the story.

34. The pre-termination hearing should be an initial check against mistaken decisions -- not a full evidentiary hearing, but essentially a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.

35.     In this case, because Plaintiff alleges that he had no chance to respond, Defendant acted inconsistently with *Loudermill* and the "just cause" clause and provision of his bargained for contract.

36.     Defendant defends and submits that Pezzulo cannot perform his duties.

37.     This is a pretext for discrimination because Pezzulo is medically cleared to perform the duties of his primarily administrative position, a position he was provided for approximately ten (10) years.

38.     Defendant discriminated, in whole or in part, against Pezzulo based upon his disability and/or age.

39.     Defendant failed to provide Pezzulo with due process prior to terminating his employment in the administrative capacity.

40.     As a direct result of discrimination, Pezzulo lost wages and benefits and the ability to support his wife and child.

41.     Plaintiff has exhausted his administrative remedies.

42.     Pezzulo brings this suit timely and prays for all available relief for a willful and malicious violation of federal law.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432

Erik M. Yurkovich, Esq.
Attorney at Law
Pine Creek Professional Buildings
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
Erik.yurkovich@gmail.com
T: 724.933.9199